**Hyman FREEDMAN, Appellant,**

v.

**Alexander FRIEDMAN Trading as Friedman Dental Supply Company and Friedman Dental Supply Company, Appellees.**

**No. 7353.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 24, 1957.

Decided March 11, 1957.

---

Roberts B. Larson, Washington, D. C. (Andrew E. Taylor, and Larson & Taylor, Washington, D. C., on brief), for appellant.

No appearance for appellees.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and HARRY E. WATKINS, District Judge.

PARKER, Chief Judge.

This is an appeal from a judgment dismissing a patent infringement suit. The patent involved is U. S. Patent No. 2,149,048 relating to magnetized dentures. The validity of the patent was not seriously questioned, but the action was dismissed on the ground that it had not been infringed. The patent which was issued February 28, 1939 had expired when the judgment below was entered; and it is conceded that the only infringement by defendant consisted in the purchase and sale of twelve sets of magnets for use with dentures, at a profit of $41.33, which defendant offered to pay plaintiff. Plaintiff's attorney admits that a reasonable royalty would not exceed this amount.

The patent relates to the use of magnetic material with dentures in such way as to maintain the dentures more securely in operative position. The invention is thus described in the patent specification:

"This invention relates to improvements in masticating apparatus and has for one of its objects to increase the retentiveness of an artificial denture with respect to the ridge of the mouth on which it is mounted, by utilizing a magnetic material in the structure in such a manner that opposed portions thereof, at least one of which contains said material, will act one upon the other to assist in the maintenance of said denture in its operative position."

While the specification describes an alloy as especially suitable magnetic material, that particular alloy is not claimed as a part of the patentable invention nor is its use prescribed in the claims. Typical of these are claims 3 and 4, which are as follows:

"3. As a new article of manufacture, a pair of artificial dentures made, at least partially, of magnet-

ized material opposed portions of which in the two dentures are of like polarity.

"4. As a new article of manufacture, a pair of artificial dentures, the plates of which are at the opposed posterior extremities of both plates of one polarity and the opposed anterior portions of said plates of another polarity."

■ Defendant admits the sale of magnetic inserts to be used with dentures and admits advertising them for sale for that purpose. The District Judge thought that infringement was not shown because it was not shown that the alloy described in the specification of the patent was used, because the inserts were magnetized before incorporation in dental structures, and because it was not shown that defendant had knowledge of the patent. It is well settled, however, that the scope of a patent is determined by the claims, not by the specification; and infringement of the claims here would manifestly not be avoided by use of an alloy different from that mentioned in the specification or by magnetizing it before, rather than after, its incorporation in the dental structure. All that the claims require is that magnetized material be used with the dentures in the way that defendant states in his advertisement that the magnetic inserts which he was selling were to be used. We think it clear, also, that knowledge by an infringer or a contributory infringer of the existence of a patent and that he is infringing it is not necessary to render him liable for infringement. With respect to the liability of a contributory infringer, the Patent Act of 1952, 35 U.S.C. § 271(c) provides:

"(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

In the Reviser's note accompanying this section it is said:

"One who actively induces infringement as by aiding and abetting the same is liable as an infringer, and so is one who sells a component part of a patented invention or material or apparatus for use therein knowing the same to be especially made or especially adapted for use in the infringement of the patent except in the case of a staple article or commodity of commerce having other uses."

■ The magnetic inserts sold by defendant were not staple articles or commodities of commerce "suitable for substantial non-infringing use", but were especially adapted for use in dental structures and for no other purpose. They were sold by defendant with the knowledge, purpose and intent that they would be so used; and we think that this unquestionably constituted contributory infringement under the language of the statute, as well as under the prior law, since dental structures including such magnets were clearly covered by the patent. The magnetic dentures were analogous to the heating apparatus sold for use in the patented tobacco curing barn involved in Florence-Mayo Nuway Co. v. Hardy, 4 Cir., 168 F.2d 778; and here as there the device made and sold embodies the heart of the patented invention. See also Henry v. A. B. Dick Co., 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645; Walker on Patents 6th ed. vol. 1, pp. 552–554; 40 Am.Jur. pp. 639–640. The rule is thus stated in 69 C.J.S., Patents, § 307, p. 885:

"Generally, a person may be guilty of contributory infringement when, without authority from the patentee, he manufactures, sells, or furnishes one or more parts or elements of a patented combination with the intent and for the purpose of having them assembled with oth-

er parts of the combination used as a unit; but this rule is not necessarily applicable where the parts furnished are adapted to other and lawful uses, in addition to infringing uses, or where the parts furnished are perishable or used for legitimate purposes of repair, or where the patent is being used to protect an unpatented part or material from competition."

■ There is nothing to indicate that there was any intention on the part of Congress that the language of the section 271(c) of title 35 should make any change in the rule thus stated, except to make certain that infringement might not be predicated of the sale of staple articles or commodities of commerce suitable for noninfringing use; and there is no indication of any intent to make knowledge that there was a patent and that it was being infringed necessary to liability for contributory infringement. The contrary is indicated by what was said with regard thereto at the hearing on the bill which was eventually enacted into law. Thus, when Mr. Giles Rich, now Judge Rich of the Court of Customs and Patent Appeals, was testifying before the Committee of Congress in behalf of the bill, he gave the following testimony:

"Mr. Crumpacker. Particularly with respect to the word 'knowingly' and as to what the word 'knowingly' refers to.

"Mr. Rich. I think it is clear to most of us that 'knowingly sells a component of a patented machine' means to us that you know that the component is going into that machine. You don't have to know that it is patented. You don't have to know the number of the patent and you don't have to know that the machine that it is going into constitutes an infringement. You just know its ultimate destination."

And at another place he testified as follows:

"Mr. Fugate. I would like to know whether Mr. Rich is construing 'knowingly' as meaning that the supplier knows that it is to be used in an infringing manner.

"Mr. Rogers. And constitutes a material part of the patent.

"Mr. Fugate. Yes, that is the point.

"Mr. Rich. I have already explained that he knows how it is to be used. He doesn't have to know about the patent, he doesn't have to be legally advised of that infringement."

(Hearings before Subcommittee No. 3 of the Committee on the Judiciary, House of Representatives, 82d Congress, 1st Session, on H.R. 3760, June 13, 14 and 15, 1951, pages 175 and 176.)

We have examined the cases cited in the opinion of the lower court, none of which, however, hold that knowledge of the patent, or that it is being infringed, are necessary to liability for contributory infringement. The intent necessary is intent that the article sold shall be used in the article or process which constitutes infringement, not that the seller must know or intend that a patent will be infringed by the article or process.

■■ We think it clear that defendant was liable for contributory infringement of plaintiff's patent. As that patent had expired, however, prior to the judgment below, plaintiff would not be entitled to an injunction; and, as defendant denied that he had knowledge of the patent and there is nothing to show such knowledge on his part and as he offered to pay all the damages which plaintiff was entitled to recover for infringement, we do not think that any costs should be taxed against him. The judgment appealed from will accordingly be reversed and the case will be remanded with direction to enter judgment against defendant for the sum of $41.33, the profits made on the infringing sales, without costs. The costs on this appeal, which defendant has not contested, will

be taxed against plaintiff, who has evidently brought it for purposes other than the recovery from defendant of the small amount of damages involved.

Reversed and Remanded with Directions.