**ELECTRONIZED CHEMICALS CORPORATION**

v.

**RAD–MAT, INCORPORATED.**

Civ. No. 16844.

United States District Court
D. Maryland.

Aug. 8, 1968.

Daniel B. Leonard, Baltimore, Md., and W. Brown Morton, Jr., Washington, D. C., for plaintiff.

George C. Doub, Baltimore, Md., and Robert D. Klages, of Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Electronized Chemicals Corporation (Electronized), a Delaware corporation, instituted this suit against Rad-Mat, Incorporated (Rad-Mat), a Maryland corporation, alleging infringement by Rad-Mat of three United States patents, originally issued to High Voltage Engineering Corporation (High Voltage), a Massachusetts corporation, and assigned by the latter to Electronized.

The complaint alleges, *inter. alia*, that after the patents were granted, and within six years prior to filing of the complaint, Rad-Mat "contracted to purchase, and has induced the making of, and used or induced the use of high voltage irradiation apparatus manufactured by Radiation Dynamics, Inc., of Westbury, New York, [Radiation] which apparatus embodies and in use employs the methods of the inventions claimed by" the patents issued to High Voltage. Electronized seeks an injunction against Rad-Mat's continued alleged infringement, an accounting for damages, and an assessment of interest and costs.

Rad-Mat's answer denies infringement and alleges invalidity. Rad-Mat has also filed, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a motion for judgment on the pleadings.

Both sides have engaged in discovery and Rad-Mat has filed an affidavit of its Vice-President. At the time this suit was commenced, Rad-Mat, in contemplation of establishing in Maryland a service to irradiate different types of metals, had entered into a contract to purchase from Radiation the allegedly infringing machine, which bears the trade-name "Dynamitron", and that a part payment therefor had been made by Rad-Mat to Radiation. However, at the time this suit was instituted by Electronized, the Dynamitron had not yet been delivered by Radiation to Rad-Mat and the latter had not yet used that apparatus. Rad-Mat asserts, and its Vice-President has affied, that, at the time Electronized commenced this suit, neither Rad-Mat nor any of its officers, agents, or employees had any knowledge of the alleged infringement of plaintiff's patents by Radiation, or had received any notice of any kind of any claim of infringement by Electronized.

The complaint, which alleges no direct infringement by Rad-Mat, is grounded on 35 U.S.C. § 271(b). That section makes liable one who "actively induces infringement." Rad-Mat argues that in order to find liability under 271(b), plaintiff must show that the defendant knowingly induced infringement; and that since the complaint does not allege that Rad-Mat had knowledge of the alleged infringement of plaintiff's patent, the complaint failed to state a cause of action and Rad-Mat is entitled to have its 12(c) motion granted. In addition, noting that defendant's Vice-President has affied as to the lack of such knowledge on the date this suit was commenced, defendant contends that there is no existing factual dispute on the issue of knowledge and that therefore its motion should be granted as a motion for summary judgment. Defendant argues that no cause of action existed at the time the complaint was filed, and that it is immaterial whether any infringement occurred subsequent to the filing of the complaint.

After defendant filed its 12(c) motion, and before a hearing was held by this Court with regard thereto, plaintiff filed, pursuant to Federal Rule 15, a motion for leave to file an amended and supplemental complaint, contending, *inter alia*, that certain material facts which occurred before the filing of the original complaint, had been revealed to plaintiff by discovery after such filing. Specifically, plaintiff alleges that it has learned through discovery in this case that prior to the institution of this suit there was in existence a written contract of purchase between Rad-Mat and Radiation, pursuant to which Radiation as-

sumed the obligation to defend Rad-Mat against any claim of patent infringement growing out of the contract and agreed to indemnify Rad-Mat against the consequences thereof; and that Radiation has, in fact, assumed control of the defense of this proceeding. In its proposed amended complaint, plaintiff seeks to amend the cause of action alleged in its original complaint by including such additional allegations. Plaintiff's proposed amended complaint also includes a second or additional cause of action with regard to alleged events which have occurred since the institution of this suit. Specifically, plaintiff alleges that defendant has completed the installation in Maryland of the allegedly infringing apparatus manufactured for, and delivered to, defendant by Radiation, and that defendant has, in fact, used the apparatus.

In addition to its motion to amend its complaint, plaintiff has filed a subsequent motion in these proceedings. That latter motion, joined in by High Voltage, seeks the substitution of High Voltage for Electronized as plaintiff herein because, subsequent to the commencement of this suit, Electronized, a partially owned subsidiary of High Voltage, reassigned to High Voltage all interests in the patents involved. Defendant does not oppose the last referred to motion. This Court hereby grants that motion, pursuant to Federal Civil Rule 25(c).

There remain for consideration and disposition the two motions filed in the following order: (1) defendant's Rule 12(c) motion for judgment on the pleadings; and (2) plaintiff's motion to be permitted to amend its complaint under Rule 15. Since defendant has filed an affidavit of its Vice-President, plaintiff has taken and filed four depositions of officials of Radiation and Rad-Mat, and both sides have engaged in other discovery, defendant's Rule 12(c) motion will be treated in this Memorandum and Order as a motion for summary judgment under Federal Rule 56.

■ Defendant contends that because its pending motion was filed before plaintiff's motion, the former should be first considered and disposed of; and that if its said motion is granted, plaintiff's motion will become moot because the complaint would have become a nullity which could not be amended or supplemented. This Court knows of no doctrine which requires that all motions be considered in the order filed. Indeed, it would seem clear that motions should be ruled upon in whatever order a court deems most fair to the parties and most consonant with the economy of judicial time. Nevertheless, in this case, it is both expedient and non-prejudicial to the parties first to consider defendant's motion.

Sections 271(b) and (c) of Title 35 provide as follows:

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

■ These two subsections were enacted in 1952 and were intended to codify the case law doctrine of "contributory infringement." Aro Mfg. Co., Inc. v. Convertible Top Replacement Co., 377 U.S. 476, 485–489, n. 8, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964); Hautau v. Kearney & Trecker Corp., 179 F.Supp. 490, 493 (E.D.Mich.1959); Weyerhaeuser Timber Co. v. Bostitch, Inc., 178 F.Supp. 757, 760 (D.R.I.1959); Federico, Commentary on the New Patent Act, 35 U.S.C.A. preceding § 1, at p. 51 et seq. (discuss-

es legislative history); Note, 66 Yale L.J. 132, 139–140 (1956). Subsection (c) is directed at a specific type of conduct, namely the sale of components of a known patented device. All other conduct, which would have constituted "contributory infringement" under the existing state of the law when the two subsections, (b) and (c), were enacted in 1952, falls under subsection (b). 66 Yale L.J. 132, 139 (1956). Under the case law prior to 1952 the patentee, in order to recover for "contributory infringement," had to prove that the result of defendant's conduct was an actual infringement, and that the defendant acted with the required intent. Henry v. A. B. Dick Co., 224 U.S. 1, 32 S.Ct. 364, 56 L.Ed. 645 (1912); Chas. H. Lilly Co. v. I. F. Laucks, Inc., 68 F.2d 175, 185 (9th Cir. 1933), cert. denied, 293 U.S. 573, 55 S.Ct. 84, 79 L.Ed. 671 (1934); Conmar Products Corp. v. Tibony, 63 F.Supp. 372 (E.D.N.Y.1945). Under the law as codified in subsection (b) in 1952, intent to infringe continues to be an essential element. Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622, 626–627 (7th Cir. 1965); Weyerhaeuser Timber Co. v. Bostitch, Inc., supra; Gould-National Batteries, Inc. v. Sonotone Corp., 130 U.S.P.Q. 26, 29 (N.D.Ill.1961); Note, 66 Yale L.J. 132, 140 (1956). Similarly, such intent continues as an essential element of 271(c). Fromberg, Inc. v. Thornhill, 315 F.2d 407, 414–415, n. 20 (5th Cir. 1963).

The question of what constitutes the required intent and knowledge of an alleged contributory infringer under subsection (b) poses the issue upon which the parties in this case are at odds. Does (b) require that Rad-Mat knew of High Voltage's patent and perhaps also of Radiation's alleged infringement thereof? Plaintiff cites Freedman v. Friedman, 242 F.2d 364, 366 (4th Cir. 1957), for the proposition that a contributory infringer, such as Rad-Mat is alleged herein to be, need not have known of the existence of a patent any more than an actual infringer must know of the existence of the patent in order to be liable. But *Freedman* is not controlling in this case for two reasons: first, this case is concerned with subsection (b) and *Freedman* dealt specifically with that part of "contributory infringement" which was codified in subsection (c); and, second, and more important, because in Aro Mfg. Co. v. Convertible Replacement Top Co., supra, 377 U.S. at 488–493, 84 S.Ct. at 1533, a majority of the Supreme Court while apparently recognizing that *Freedman* suggested a contrary result, stated that "271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing."

In this case it is not necessary, at this time, for this Court to define with exactitude the degree and amount of intent and knowledge required by subsection (b), though such degree and amount would certainly appear, from the decided case law and from the interpretation given by the majority of the Supreme Court in Aro with regard to subsection (c), to exceed the mere intent purposely to do an act. The reason why this Court does not need to resolve that issue is that the state of the record in this case, with or without the amended complaint, discloses sufficient allegations and claims of sufficient intent and knowledge on the part of Rad-Mat, regardless of the requirements of subsection (b) in connection with the amount or degree of intent and knowledge.

■ This Court holds that the original complaint filed by plaintiff in this case, is not defective because it fails specifically to allege "knowing" inducement. The complaint would seem clearly to satisfy the standards of notice pleading. But even if this Court were to adopt defendant's contrary position, it would certainly permit plaintiff to amend its complaint and to add the allegation of *knowing* inducement, particu-

larly in the light of plaintiff's contention in written and oral argument that Rad-Mat was, in fact, guilty of knowing inducement.

 Defendant's principal contention would appear to be that no genuine factual dispute exists under the present state of the pleadings and papers filed in this case, as to whether defendant had the requisite knowledge. While defendant denies that at the time this suit was commenced, any of defendant's directors, officers, or employees had any knowledge of the patents in suit or of their alleged infringement by Radiation's Dynamitron, the depositions of Radiation's President and Rad-Mat's officers and employees and other discovery materials provide, if all factual inferences are drawn in favor of plaintiff, as they must be in the context of defendant's motion, a clear factual possibility that prior to the filing of this suit some of Rad-Mat's key personnel had knowledge of the patents in suit and of the alleged infringement of them by the Dynamitron. Some of the Rad-Mat and Radiation officials whose depositions were taken in this case have testified, *inter alia*, that prior to the commencement of this suit, Radiation had engaged in negotiations with High Voltage and Electronics with regard to the patents; that some of the stock of both Rad-Mat and Radiation was at one or more times owned by a third corporation, The American Growth Investment Company, whose President was a director of Rad-Mat; and that other officers and employees of Rad-Mat had knowledge of the patents and of plaintiff's interest in them. Defendant strongly controverts

the existence of any knowledge by it of the alleged infringement of the patents by Radiation. Thus, there exists a genuine dispute as to the material fact of whether Rad-Mat had such knowledge. Therefore, a denial of defendant's pending motion for summary judgment is required. This Court therefore so orders.[1]

Having decided that defendant's motion should be denied, this Court can find no reason why plaintiff's motion to amend should not be granted. Plaintiff seeks to amend in order, first, to particularize concerning acts which occurred before this suit was commenced, and, second, to add an additional cause of action with regard to events which occurred after these proceedings were instituted. There is no reason to believe that the amendments will cause any delay or any prejudice to defendant. Justice would clearly seem to require the granting of plaintiff's motion to file an amended complaint, under the standards set forth by Rule 15. See 3 J. Moore, Federal Practice 887 ¶ 15.08[3]. Further, Rule 15(d) provides that amendments should be permitted in order to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The claims made by plaintiff in its proposed second cause of action closely relate to those alleged in the first cause of action. For these reasons, and since there would appear to be no good reason why the entire controversy should not be disposed of in this one suit, this Court hereby grants plaintiff's motion for leave to file the proposed amended and supplemental complaint.

1. This Court takes note of plaintiff's contention that defendant's motion should also be denied on the ground that the original complaint states a cause of action for declaratory judgment under 28 U.S.C. §§ 2201, 2202. While declaratory judgment actions are usually instituted by accused infringers and while this Court has been informed by counsel in this case of the pendency of such a suit by Radiation against Electronized, in Civil Action No. 3138 in the United States District Court for the District of Delaware, plaintiff asserts that it has the right to seek declaratory relief in this Court at this time. In this connection, see 6A J. Moore, Federal Practice 3117–18, ¶ 57.20, in which different but perhaps related questions are discussed. This Court finds it unnecessary to reach and determine the validity of plaintiff's said declaratory judgment contention in view of its denial of defendant's motion for the reasons above stated in this Memorandum and Order.