**Pauline TODD et al., Plaintiffs,**

**v.**

**Merlin J. LUTZ and Mrs. Merlin
J. Lutz, Defendants.**

**Civ. A. No. 74-42.**

United States District Court,
W. D. Pennsylvania.

Aug. 14, 1974.

Jay H. Feldstein, Pittsburgh, Pa., for plaintiffs.

Frank C. Rayburn, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

This matter is here on a motion by the plaintiffs, Pauline Todd, Toni Todd, Linda Todd and Verena Thurman, for permission to amend the complaint so as to add a demand for jury trial. The motion followed the denial by me of a prior

stipulation by which the parties agreed to add a demand for a jury trial.

This action is what is commonly known as a civil rights action against the defendants, Merlin J. Lutz and Mrs. Merlin J. Lutz, and is based upon an allegation that the defendants refused to rent certain property to members of the negro race. The motion is justified on the allegation that both the plaintiffs and defendants unintentionally omitted the demand for jury trial in their pleadings.

The complaint in this case was filed January 15, 1974. The answer by the defendants was the last pleading directed to the issue and was filed on February 19, 1974, pursuant to the Federal Rules of Civil Procedure. More than ten days passed and no demand for jury trial was made, but 49 days after the final pleading was filed, the stipulation of the parties was presented on April 9, 1974, which I denied. The instant motion was filed on April 18, 1974.

The movants rely upon their right to amend the complaint for the purpose of demanding a jury trial under Federal Rule of Civil Procedure 15(a).[1] They argue that amendments are to be allowed freely and that, therefore, their amendment for the purpose of demanding a jury trial should be allowed. The difficulty with the movants' contentions are that they mis-interpret Rule 15 and disregard the significance of Rule 38(b).[2]

The framers of the Federal Rules had a purpose in limiting the time or period in which a jury trial could be demanded. The goal was procedural standardization and the rules provided for the orderly handling of cases either by way of non-jury or jury processing. Rule 38(b) is specific and mandatory and will not be set aside on the excuses of negligence, inadvertence or unintentional waiver.

It is as Judge Friendly stated in Noonan v. Cunard Steamship Co., 375 F.2d 69, C.A. 2, 1967:

"Plaintiff's initial motion was that the judge avail himself of the provision of F.R.Civ.P. 39(b) which says that 'notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.' Defendant has cited eighteen reported decisions by district courts within the circuit to the effect that mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b), and plaintiff apparently has found none to the contrary either here or elsewhere. The effect of such a continued and consistent course of decision is to narrow the allowable scope of discretion; the area open to the judge's discretion has shrunk to determining whether the moving party's showing *beyond* mere inadvertence is

---

1. Rule 15(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

2. Rule 38(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

sufficient to justify relief." (at page 71).

 The cases are so numerous in support of this principle that it is unnecessary that they be cited here. Occasionally a district court has exercised its discretion and allowed a jury trial where none was demanded, but never on the basis of mere inadvertence or bare oversight of the attorneys for the parties. In any event, mere negligence is not enough to exercise the need for a timely demand and Rule 39(b) [3] discretion is not to be exercised as an arbitrary or capricious prerogative. Rule 38 directs the parties on when and how a jury trial demand is to be made. Rule 39(b) provides for judicial discretion, but in this case the excuse of inadvertence as asserted bears insufficient cause for exercising any discretion here.

As for the argument of the movants that the demand for a jury trial is a matter which may be amended under Rule 15, this, too, has no basis in law. Rule 15(a) authorizes parties to amend for the purpose of curing defects in jurisdictional allegations, Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, C.A. 9, 1964, cert. den., 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972; or to correct insufficiently stated claims or defenses, Electronized Chem. Corp. v. Rad-Mat, Inc., 288 F.Supp. 781 (D.C. Md.1968); Chamberlin v. United Engineers and Constructors, Inc., 194 F.Supp. 647 (D.C.Pa.1961); or to change the nature of theory of the claim, Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Davis v. Yellow Cab Co., 35 F.R.D. 159 (D.C.Pa.1964); or to add, substitute or drop parties to the action, Halladay v. Verschoor, 381 F. 2d 100, C.A.8, 1967; Staggers v. Otto Gerdau Co., 359 F.2d 292, C.A. 2, 1966; Schmitz v. St. Luke's Hospital, 258 F. Supp. 392 (D.C.N.D.1966).

But there is no precedent which my research could uncover nor is there any cited by the movant which would allow an amendment for the purpose of demanding a jury trial. To allow the parties to amend their pleadings under Rule 15 so as to include their demand for jury trial, where it would be impossible to do so under the specific mandate of Rule 38, would be to allow them to do indirectly what the Rules forbid them to do directly.

Accordingly, for the reasons set forth herein, the Motion for Permission to Amend Complaint to Add Demand for Jury Trial will be denied.

---

3. Rule 39(b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.