John W. HUGHES and Cynthia B. Hughes, his wife, Plaintiffs,

v.

John S. REPKO and Mrs. John S. Repko, his wife, Defendants.

Civ. A. No. 76–344.

United States District Court,
W. D. Pennsylvania.

April 6, 1977.

As Amended April 20, 1977.

Jay Harris Feldstein, Pittsburgh, Pa., for plaintiffs.

Joseph A. Del Sole, Pittsburgh, Pa., for defendants.

### OPINION

MARSH, District Judge.

In a housing discrimination action, brought under 42 U.S.C. § 1982, the jury found a verdict in favor of the plaintiffs, John W. Hughes and his wife, Cynthia, in the amount of $1,250.00 against defendant Mrs. John S. Repko. Thereafter, plaintiffs' counsel requested an attorney fee on behalf of the plaintiffs in the amount of $3,850.00 based upon the rate of $70.00 per hour spent on the case, and $222.33 for costs advanced.

The defendants John S. Repko and Mrs. John S. Repko, his wife, prevailed in the conspiracy action brought by plaintiffs un-

der 42 U.S.C. § 1985; John S. Repko also prevailed in the housing discrimination action brought against him under § 1982. The defendants' counsel requests an award for counsel fees on behalf of John Repko based upon rates of $50.00 per hour for trial counsel, Attorney Del Sole, and $35.00 per hour for Attorney Bacharach, a colleague who did research on the case. The total hours listed for both defense lawyers is 40¾ hours.

It is the opinion of the court that the defendants are not entitled to any attorney's fee, but plaintiffs are entitled to an attorney's fee in the amount of $700.00 and costs, or a total of $922.33.

The plaintiffs are black citizens. The defendant, Mrs. Repko is a white citizen and owner of a building containing an apartment and two rental units. The defendants decided to move to Buffalo, New York, and Mrs. Repko advertised her apartment for rent in the Pittsburgh Press.

The plaintiffs responded to the advertisement and in the absence of Mrs. Repko, Mr. Repko showed them the premises. Mr. Repko did not tell his wife that the plaintiffs were black. After Mr. Repko left Pittsburgh, the plaintiffs came to the building in response to a telephone call from Mrs. Repko. When Mrs. Repko saw that the plaintiffs were black she refused to rent the apartment to them in violation of § 1982. Mrs. Repko denied discrimination. After trial upon the disputed factual issue of discrimination, the jury found in favor of plaintiffs. Judgment was entered on the verdict against Mrs. Repko.

In the pleadings it appears that both defendants owned the building involved, but long before trial the complaint was amended by stipulation and order of court to read as follows:

"5. Defendant, Mrs. John S. Repko is the owner of premises located at 1008 Mifflin Street, Pittsburgh, Pennsylvania 15221."

At trial there was no proof that the defendant John Repko refused to rent the apartment to plaintiffs and a directed verdict in his favor was entered by the court in the action under § 1982.

At trial there was no proof whatsoever that Mr. and Mrs. Repko entered into a conspiracy to refuse to rent the apartment to the plaintiffs because of their race and a directed verdict was entered in favor of both defendants on the § 1985 conspiracy count.

In their complaint the plaintiffs demanded punitive damages. However, plaintiffs did not prevail on this demand; the jury specifically awarded them only compensatory damages.

The complaint which was filed on March 15, 1976, demanded counsel fees. Apparently the learned counsel for plaintiff was not aware of *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) which foreclosed court awards of attorneys' fees unless authorized by statute. (See transcript of January 6, 1977 at p. 12). Had the case been tried on August 30, 1976, as scheduled (see notice filed June 23, 1976), the plaintiffs would not have been entitled to counsel fees. However, on August 5, 1976, the defendants filed a Motion for Summary Judgment which was later denied. On October 19th, Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, which provided as follows:

"In any action or proceeding to enforce a provision of [§§ 1981–1985, Title 42 U.S.C.] the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs."

At the time of trial in January, 1977, plaintiffs' counsel was apparently unfamiliar with the above quoted Act. He erroneously contended that the award of attorneys' fees was properly a question for the jury and requested the court to so charge the jury. His requested point for charge No. 5 stated:

"5. In the event you find that the Civil Rights of plaintiffs have been infringed upon, you are entitled to award their attorney fair and reasonable counsel fees (*Newman v.*

*Piggie Park Enterprises,* 390 U.S. 400, 402 [88 S.Ct. 964, 19 L.Ed.2d 1263] (1968); *Lee v. Southern Home Sites Corp.,* 444 F.2d 143 (5th Cir. 1971); *Crim v. Glover,* 338 F.Supp. 823 (S.D.Ohio 1972); *Newburn (sic) v. Lake Loreli (sic) Corp.,* 308 F.Supp. 407 (S.D.Ohio 1968); *Knight v. Auciello,* 453 F.2d 852, 853 (1st Cir. 1972)."

None of the cases cited by plaintiffs' counsel authorize the jury to award counsel fees, and request No. 5 was reluctantly denied by the court. Congress has placed the burden of determining attorney's fees upon the court, and in all probability the court's decision will be satisfactory to no one. See *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 720 (5th Cir. 1974).

■ Since the plaintiffs prevailed in their discrimination case against Mrs. Repko they are entitled to a reasonable attorney's fee.

The defendants prevailed in the § 1985 conspiracy action brought against them by plaintiffs.

Defendant John Repko prevailed in the § 1982 action brought against him by the plaintiffs.

Defendant Mrs. Repko prevailed on the issue of punitive damages claimed by the plaintiff. She also prevailed on the issue of counsel fees to be awarded by the jury.

Thus, the defendants prevailed in more than two-thirds of the issues litigated in this lawsuit.

■ Although the defendants prevailed on the issues stated above, it is our opinion that neither defendant is entitled to an award of counsel fees. Insofar as it can be determined from the record, the plaintiffs proceeded in good faith on advice of competent counsel against the Repkos under § 1982 and § 1985. We cannot find from the record that plaintiffs' suit against the defendants was brought to harass, embarrass or abuse them. *Cf. United States Steel Corp. v. United States,* 385 F.Supp. 346

(W.D.Pa.1974), *aff'd* 519 F.2d 359 (3rd Cir. 1975); *Richardson v. Hotel Corporation of America,* 332 F.Supp. 519 (E.D.La.1971), *aff'd* 468 F.2d 951 (5th Cir. 1972). Moreover, a prevailing defendant does not appear before the court cloaked in a mantle of public interest pursuing substantial public policies as does a plaintiff discriminated against upon racial grounds. The application by defendants' counsel will be denied.

With respect to plaintiffs' application, the defendants contend that plaintiffs are not entitled to attorney's fees because the Civil Rights Attorney's Fees Awards Act of 1976 is not retroactive. We disagree and hold that the court may allow the prevailing plaintiffs a reasonable attorney's fee in a case such as this which was pending on the date of enactment.

In support of his application, counsel for the plaintiffs has submitted an affidavit [1] and two briefs, the final brief having been received on March 14, 1977. The affidavit and briefs set forth the relevant information which must be taken into account under the guidelines set forth in *Lindy Bros. Builders v. American Radiator, etc.,* 540 F.2d 102 (3rd Cir. 1976) [*Lindy II*] and in *Merola v. Atlantic Richfield Company,* 515 F.2d 165 (3rd Cir. 1975) [*Merola II*].

The total time expended is listed as 55 hours. We estimate in-court time to be about 12 hours, i. e., preliminary pretrial conference on April 4, 1976, ½ hour; argument on motion for summary judgment, 35 minutes; final pretrial conference on January 3, 1977, 2 hours; jury trial, approximately 9 hours. Eight and two-tenths hours were consumed for research on the issue of counsel fees and in drafting the first counsel fees brief and affidavit. We assume the 8²⁄₁₀ hours spent to obtain a reasonable fee for plaintiffs is compensable.

Reasonable hourly rates multiplied by the hours of work appears to be the "lodestar" of any fee determination in complex cases such as *Lindy, supra* and *Merola, supra.* At

---

1. The affidavit fails to identify Attorney Stein's hourly fee rate. Attorney Stein on behalf of plaintiffs successfully argued against the motion of defendants for summary judgment. This in-court argument consumed about 35 minutes.

$70.00 per hour for in-court and out-of-court time, plus preparation time for plaintiffs' fee application, the requested fee amounts to $3,850.00.

■ Since the defendants prevailed in over two-thirds of the legal issues involved, the amount of the award should be proportionate to the extent the plaintiffs prevailed in the suit. In *Marr v. Rife,* 503 F.2d 735, 744 (6th Cir. 1974) the action was brought under § 1982 and Title VIII, 42 U.S.C. §§ 3601–3619. Several of the defendants were exonerated and the court indicated that the better rule was to allow a plaintiff a proportionate amount of the attorney's fees to the extent the plaintiff prevailed in the suit. See also *Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002, 1008 (9th Cir. 1972); *Walker v. Fox,* 395 F.Supp. 1303, 1307 (S.D.Ohio 1975). Accordingly, plaintiffs are entitled to a proportionate amount of the attorney's fees to the extent they prevailed in the suit. This amount is estimated to be $1,275.00.

This "lodestar" figure of $1,275.00 should be awarded as increased or decreased by the quality of the legal work and the contingency of success. *Lindy, supra.*

The quality of the legal work on both sides was good. However, the issues here were simple particularly when compared to the difficult and complex issues in *Lindy* and *Merola.*[2] Thus, the figure of $1,275.00 should be reduced because of the simplicity of the factual issues involved, the result obtained, and the criteria indicated in the Fair Housing Act, Title VIII, 42 U.S.C. §§ 3601–3619.

The litigation did not involve difficult or lengthy trial preparation as in *Lindy* and *Merola.* The quality of work required of counsel was not of a greater or lesser degree of skill and diligence than that of normally competent lawyers in the Western District of Pennsylvania.

The contingent nature of success was favorable for obtaining a verdict for damages. Plaintiffs' counsel was so confident of suc-cess he agreed not to charge any fee to the plaintiffs, who were earning substantial income; instead he relied, albeit erroneously, on the amount to be awarded by the jury. Customarily in this district when the chance of success depends on a jury verdict for a damage award, a contingent fee contract of 30% or 40% is generally entered into between counsel and his clients. Counsel's confidence of success apparently eliminated a contingent fee contract. His confidence was confirmed by the jury which took only four and one-half hours, including an hour and one-half for lunch, to arrive at a verdict in favor of plaintiffs.

Because of the simplicity of the case, the contingent nature of success including the apparent confidence of counsel to obtain a monetary award, and the result obtained, the "lodestar" figure should be reduced.

■ One other factor should be considered. In many cases arising under civil rights laws the citizen who must sue to enforce the law as a "private attorney general" has little or no money with which to hire a lawyer. Thus, if private citizens are to be able to assert their civil rights, and if those who violate the fundamental laws are not to proceed with impunity, victims of discrimination must have the opportunity to recover what it costs them to vindicate their rights in court "as a means of securing broad compliance with the law." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

■ However, the case *sub judice* does not present this situation. The plaintiffs are earning approximately $22,000.00 per year. A proviso was added to the discretionary award of counsel fees in housing discrimination cases under Title VIII. Following the recent Congressional attempt to establish uniformity in the award of counsel fees, (See Senate Report 94–1011 and H.R. Report 94–1558, 94th Cong. 2d Sess., U.S. Code Cong. & Admin.News 1976, p. 5908.), it is reasonable that a court awarding fees in a § 1982 housing action should give some

---

**2.** *Lindy* involved lengthy legal work which produced a settlement fund in an anti-trust class action. Likewise, *Merola* consumed many hours in an involved anti-trust class action.

consideration to the criteria set up by Congress for awarding fees under the Fair Housing Act, Title VIII, § 3612(c). Obviously, § 1982 and Title VIII of the Fair Housing Act are complimentary remedies with similarities but having some differences in coverage and enforcement mechanism. See *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

Under the Fair Housing Act of 1968, Title VIII, 42 U.S.C. §§ 3601–3619, fees are allowed in a housing discrimination suit, but § 3612(c) provides:

> "The court . . . may award to plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: *Provided, That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees."* (Emphasis supplied).

Evidently Congress recognized that some persons of racial minorities capable of buying or leasing real estate were financially able to assume their attorneys' fees. Thus, it seems the court should take into account the plaintiffs' financial ability to pay their counsel in a housing discrimination case.

As heretofore mentioned, plaintiffs earned substantial salaries and they have no children. Although they owe money on their two motor vehicles and on loans for their college educations, they are not impoverished citizens who could not hire an attorney to enforce their civil rights.

In *Stevens v. Dobs, Inc.,* 373 F.Supp. 618 (E.D.N.C.1974), the housing discrimination action was brought under § 1982 and Title VIII. The prevailing plaintiff earned $10,-000 per year and was married. The court held that the plaintiff should pay 50% of the counsel fees. *See also Crumble v. Blumthal,* 549 F.2d 462, 467–468 (7th Cir. 1977).

Thus, we find that the plaintiffs were able to assume part of their attorney's fees which factor when considered with the guidelines set forth in *Lindy, supra,* and the result obtained, requires a reduction in the "lodestar" figure. In our best judgment, the award for plaintiffs' attorney should be reduced to $700.00 plus costs or a total of $922.33.