6, cited by counsel for respondent is not in point. This was an action by the Board for a temporary restraining order enjoining Deena Artware from giving effect to an assignment of a portion of a judgment in favor of Deena Artware to Deena Products Company. Other citations [1] of counsel are equally inapplicable.

Counsel did not seriously argue the question of the amount of the award of back wages. In answer to a question from the Bench, he stated that he rested his case on the jurisdictional question. We find that the award of back wages made by the Board is supported by substantial evidence and that its order should be enforced.

Enforcement of the Board's supplemental order for an allowance of back wages in the amount of $4772 is allowed.

Robert E. Varner, Montgomery, Ala., for appellant.

J. O. Sentell, Asst. U. S. Atty., Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, WISDOM and BELL, Circuit Judges.

PER CURIAM.

Appellant was convicted of possessing and transporting non-tax paid distilled spirits. 26 U.S.C.A. § 5205(a) (2). The record discloses a sufficiency of evidence to warrant the verdict of guilty, and jury instructions free from error in the particulars charged.

It follows that the judgment appealed from should be and it is affirmed.

---

**Calvin C. GREEN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21272.**

United States Court of Appeals Fifth Circuit.

Nov. 6, 1964.

Certiorari Denied Feb. 1, 1965.

See 85 S.Ct. 731.

**Norma MOONEY, Plaintiff-Appellee,**

v.

**STAINLESS, INC., and Stainless Construction Company, Defendants-Appellants.**

**No. 15433.**

United States Court of Appeals Sixth Circuit.

July 13, 1964.

Rehearing Denied Nov. 12, 1964.

1. Retail Clerk International Association, etc. v. Schermerhorn et al., 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179 (1964);

and N. L. R. B. v. Hudson Motor Car Company, 136 F.2d 385, C.A. 6.