**J. R. McBRIDE, Plaintiff,**

v.

**The PROCTOR & GAMBLE MANUFAC-TURING COMPANY, The Proctor & Gamble Distributing Company, Defendants.**

**Civ. A. No. 872.**

United States District Court
E. D. Tennessee,
Winchester Division.

June 25, 1969.

Peter Trenchi, Jr., Tullahoma, Tenn., for plaintiff.

Joseph G. Cummings, Boult, Hunt, Cummings & Conners, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), action for personal injuries, predicated on the diverse citizenship of the parties, 28 U.S.C. §§ 1332(a) (1), (c). The defendant has moved with supporting affidavits for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure.

It is stipulated that the plaintiff has no proof to offer, except that contained in his testimony upon oral examination for the purpose of discovery, Rule 26(a), Federal Rules of Civil Procedure, as to the name, identity or chemical content of the foreign substance or matter which injured his eye on March 16, 1967, as to the origin thereof, whether it was already on the floor of the boxcar in which he was working, on one of the boxes then being unloaded, or was brought into the boxcar from a nearby warehouse.

■ On the aforementioned date, the plaintiff Mr. McBride and his fellow employee Mr. Buford Farrar broke the seal of the railroad boxcar involved at about 7:00 o'clock, a.m. and had been stacking cartons of "Bold" detergent, a product of the defendant, on a pallet and hauling the pallet out of the boxcar with a tow motor in an unloading process. Mr. McBride testified that he picked a carton from the floor of the boxcar to place it atop the stack of cartons on the pallet, that the rear end of the carton dropped upon another carton below, with its front end falling toward the plaintiff. He testified that, when this happened, he felt something enter and burn his eye: " * * * I don't know what it was. * * * "

He testified further that, insofar as he knows, neither the carton he was handling nor any of the boxes of detergent inside it were broken, and that he does not know whether the substance which entered his eye at that time came off the floor of the boxcar, off the carton he was handling, or where it may have come from. Mr. McBride said he and Mr. Farrar remained in the boxcar while the tow-motor hauled loaded pallets into the nearby warehouse and empty pallets back into the boxcar; that the tow motor had made several round trips that morning across the warehouse which was a minimum of 200–300 feet across; that his employer handled Drano and powdered lye in cartons, which are sometimes opened for distribution of a part of the contents of a carton; that his physician had advised him that something " * * * awfully strong * * * " had entered his eye; but that he could not identify the substance, because all of it was washed from his eye before the physician examined him; and that a chemical analysis failed to disclose its identity.

■ " * * * [N]egligence is never presumed from an accident alone, but must be proved by either direct or circumstantial evidence, or both. * * * [A] jury [is not] permitted to speculate or guess as to the proximate cause of [an] injury, * * *. [T]here must be evidence of a material and substantial nature from which negligence can be determined. * * * " Moon v. Johnston, C.A.Tenn. (1959), 47 Tenn.App. 208, 337 S.W.2d 464, 469 [3, 4], certiorari denied (1960). " * * * [W]here it appears with equal probability that the injuries complained of may have resulted from either of two causes, for one of which the defendant was responsible and for the other he was not responsible, any choice between them would be a matter of conjecture and hence, impermissible as a basis for recovery. * * * " Quaker Oats Co. v. Davis, C.A.Tenn. (1949), 33 Tenn. App. 373, 232 S.W.2d 282, 295[12], certiorari denied (1950). Thus, it appears the plaintiff has no evidence to support

under Tennessee law his claim of the defendant's active negligence.

■■ The plaintiff is not required in making out his case, to eliminate all other possible causes or inferences than that of the defendant's negligence, but may proceed to show by the evidence that the defendant's negligence is more probable than any other cause. Roberts v. Ray, C.A.Tenn. (1958), 45 Tenn.App. 280, 322 S.W.2d 435, 437[6], certiorari denied (1959). The doctrine of res ipsa loquitur rests upon the assumption that [1] the thing which causes the injury is under the exclusive management of the defendant, and [2] the evidence of the true cause of the accident is accessible to the defendant and inaccessible to the person injured. Coca-Cola Bottling Works v. Sullivan (1942), 178 Tenn. 405, 158 S.W.2d 721, 726[9], 171 A.L.R. 1200.

■ The evidence is uncontradicted that the plaintiff was the employee of the owner of the aforementioned warehouse, a wholesale grocer, who had purchased the detergents from the defendant. It is stipulated that the entire contents of the boxcar in which the shipment was transported to the plaintiff were manufactured and sold by the defendant, which had loaded and sealed the boxcar involved at its plant in Cincinnati, Ohio. " * * * [D]elivery occur [red] when the possession, custody and control of the goods involved [were] surrendered to and accepted by the carrier. * * * " Illinois Central Railroad Co. v. Moore, C.A. 6th (1956), 228 F.2d 873, 877[3], cited in Cain-Sloan Co. v. Louisville & Nashville Railroad Co. (1968), 221 Tenn. 70, 79, 424 S.W.2d 787. Thus, the defendant was not in the exclusive control of the instrumentality which caused the plaintiff's injuries, and the doctrine of res ipsa loquitur has no application. City of Maryville v. Farmer, C.A. 6th (1957), 244 F.2d 456, 458[1]. " * * * 'In order to render the doctrine applicable and a presumption of negligence to attach to defendant, the nature and circumstances of the accident must be of such a character that there could be no reasonable inference but that the injury complained of was due to the negligence of the defendant, or of others for whose acts he is legally responsible.' * * * " Coca-Cola Bottling Works v. Sullivan, *supra,* 158 S.W.2d at 726[11].

Affidavits of defendant's personnel on file reflect that the products in question were manufactured between September 15, 1966 and March 8, 1967, on which latter date shipment thereof was made; that manufacturing quality controls for that period show that production was normal, with no foreign or extraneous chemical substances present therein; that "Bold" contains no caustic or corrosive substance or any lye capable of causing injury to the tissues of the eye other than the type of transient discomfort commonly caused by soaps and detergents; and that there are no products manufactured at its Cincinnati plant which contain these substances or materials. The plaintiff has filed no counter-affidavits, and his response to the defendant's motion is now deemed waived. Local Rules 12(b), 11(c).

■ A summary judgment " * * * shall be rendered forthwith if the pleadings, depositions, * * * and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * " Rule 56 (c), Federal Rules of Civil Procedure. "* * * The function of a motion for summary judgment * * * is to dispose of cases where there is no genuine issue as to material facts. * * * It enables a party to pierce the allegations of fact in the pleadings and obtain relief by showing that there are no issues of fact to be tried. * * * Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial; it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists. * * *

"The movant has the burden of demonstrating that there is no genuine issue of fact. * * * Any doubt as to the existence of such an issue is resolved against the moving party. * * * But, the whole purpose of summary judgment procedures would be defeated if a case could be forced to trial by a mere assertion that a genuine issue exists, without any showing of evidence. * * *" Short v. Louisville and Nashville Railroad Company, D.C. Tenn. (1962), 213 F.Supp. 549, 550 [1, 2]. "* * * '[A] trial judge should be slow in disposing of a case of any complexity on a motion for a summary judgment, * * *. [W]hile such a judgment wisely used is a praiseworthy and timesaving device, * * * such prompt dispatch of judicial business is neither the sole nor the primary purpose for which courts have been established, * * *. [A] party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one' * * *" C.F.W. Construction Co. v. Travelers Insurance Company, C.A. 6th (1966), 363 F.2d 557, 559[1]. But, it ought to be granted where it is clearly appropriate. *Idem.* The motion of the defendant must be viewed from the position of the trial judge faced with a motion for a directed verdict at the completion of the plaintiff's case. Sartor v. Arkansas Natural Gas Corp. (1944), 321 U.S. 620, 624, 64 S.Ct. 724, 88 L.Ed. 967, 971.

If faced with a motion for a directed verdict at the completion of the plaintiff's case herein, on all the evidence the plaintiff stipulates he can produce herein, the Court would be compelled to direct a verdict for the defendant. Having that view of the matter, summary judgment is clearly appropriate.

The plaintiff's being denied all relief herein, the clerk will enter summary judgment for the defendant, dismissing the complaint. Rule 58, Federal Rules of Civil Procedure.