**Joe David HENSLEY, etc., Plaintiffs,**

**v.**

**William ELLENBURG, Defendant.**

**Civ. A. No. 2764.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 11, 1972.

James W. Fletcher, Greeneville, Tenn., for plaintiffs.

John A. Armstrong, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

There was no timely demand for a jury by right by any party hereto, Rule 38(b), Federal Rules of Civil Procedure, and such right was waived, Rule 38(d), Federal Rules of Civil Procedure; United States v. Moore (1951), 340 U.S. 616, 621, 71 S.Ct. 524, 527 [3], 95 L.Ed. 582, rehearing denied (1951), 341 U.S. 923, 71 S.Ct. 740, 95 L.Ed. 1356, cited in Christenson v. Diversified Builders Incorporated, C.A. 10th (1964), 331 F.2d 992, 994 [3]. The defendant moved the Court on July 3, 1972 for a trial by jury of all issues.

"* * * Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Rule 39(b), Federal Rules of Civil Procedure. It is obvious that the defendant might have made a demand to a jury of right herein.

"* * * The right to a jury in a federal court as declared by the Seventh Amendment [to the federal Constitution] is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. * * *" Swofford v. B & W, Incorporated, C.A. 5th (1964), 336 F.2d 406, 409 [2], certiorari denied (1965), 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557.

This action was commenced on July 23, 1971. It is an action for unliquidated damages for personal injuries. Issue was joined on August 13, 1971. Pretrial discovery has been in progress since December 1, 1971. The action is assigned for trial on September 7, 1972, some 60 days hence. The only reason advanced by the plaintiff for the Court's exercising its discretion contrary to the expressed desire of the defendant is that he moved the Court to exercise such discretion "* * * too late. * * *" Such is neither a strong nor a compelling reason to deny the defendant the aforementioned basic and fundamental right. Accordingly, it hereby is

Ordered that the trial of all issues herein be by a jury.