UNITED STATES of America, Plaintiff

v.

James F. PERKINS and Georgia Perkins, his wife, Defendants.

No. 74–286–C.

United States District Court, E. D. Oklahoma.

Sept. 24, 1975.

Richard Pyle, U. S. Atty., by Edwin L. Gage, Asst. U. S. Atty., Muskogee, Okl., for plaintiff.

Mickey D. Wilson, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This action is brought by the United States on behalf of its agency, the Small Business Administration (SBA), to recover sums of money allegedly due and owing on promissory notes personally guaranteed by the Defendants. Jurisdiction is based on the provisions of 28 U.S.C. § 1345 wherein the United States is Plaintiff in the action and also on the provisions of 15 U.S.C. § 634(b) as to actions on behalf of the SBA. The issues were joined by the pleadings and a pretrial conference was held on June 4, 1975. The Pretrial Conference Order was filed July 3, 1975.

On July 30, 1975, the Defendants filed an Amended Answer after having obtained leave of Court to file same. On August 8, 1975, the Defendants filed a Demand for Trial By Jury. Plaintiff has filed an Objection to said Demand on the basis such demand was untimely. Said Objection is supported by a Brief. Defendants have filed a Brief in Response to said Objection.

Plaintiff's position is that Defendants waived their right to a jury trial by failing to make a timely demand for same when the issues were joined pursuant to Rule 38, Federal Rules of Civil Procedure. It contends that the Amended Answer does not insert new issues into the case and the right to demand a jury trial was not revived by the filing of same.

Defendants contend that the assertion of new issues into the cases revives their right to demand a trial by jury. In this regard, they assert that the only question presented by the Plaintiff's Objection is whether their Amended Answer presented new issues.

The Court determines that the contentions of the parties are correct only to the extent same have been stated. It further determines that the Demand for Trial by Jury filed herein does not constitute a Motion for Trial by Jury after waiver of same pursuant to Rule 39(b), Federal Rules of Civil Procedure.

In *American Fidelity & Cas. Co. v. All American Bus Lines,* 190 F.2d 234 (Tenth Cir. 1951) the Court considered the effect of amended pleadings on previously waived rights to a jury trial when it stated:

"And the substitution of Security as the party plaintiff, without injecting in the case any new or different issues of fact, did not create in *American* a new right to demand a jury trial. Neither did it revive such right."

The same result was reached in *Ward v. Brown,* 301 F.2d 445 (Tenth Cir. 1962).

In the event new issues are raised, the right to a jury trial is only revived as to the new issues. *Williams v. Farmers and Merchants Insurance Co.,* 457 F.2d 37 (Eighth Cir. 1972); *Western Geophysical Co. of Amer. v. Bolt Associates,* 440 F.2d 765 (Second Cir. 1971).

It is must be determined if new issues have been raised in the case by the filing of the Amended Answer by Defendants on July 30, 1975. Defendants contend the following new issues have been raised: (1) That Plaintiff is not a holder in due course; (2) That acts of Plaintiff's assignee (It must be presumed they mean assignor.) exonerates the Defendants from their guarantees; and (3) That the Plaintiff is also a guarantor of the debts in question and this would limit Defendants' liability proportionately. An examination of the Amended Answer discloses these issues are contained therein.

The first two issues were raised at the pre-trial conference on June 4, 1975 and are set out among Defendants' defenses contained in the Pre-Trial Order filed July 3, 1975. Said Order which was approved by Counsel for Defendants prior to presentation of same to the Court is made pursuant to Rule 16, Federal Rules of Civil Procedure which provides that such an order shall limit the issues for trial and also when entered the same shall control the subsequent course of the action. The state of the record makes it clear therefore that said issues were not new issues in the case when set out in the Amended Answer on July 30, 1975.

The third issue which Defendants attempt to raise by their Amended Answer is that the SBA is a co-guarantor with them of the notes and obligations in question and thus Defendants' liability as guarantors is limited. This is not a viable defense for the reason that the SBA and the Defendants are not co-guarantors as alleged. The relationship of the SBA and a bank with whom it enters into a Participation Agreement is one of guaranty. *St. Petersburg Bank & Trust Co. v. Boutin*, 445 F.2d 1028 (Fifth Cir. 1971). However, it is an independent guaranty agreement between the bank and the SBA. In the case of *United States v. Martin*, 344 F.Supp. 350 (E.D.Mich.1972) the Court stated:

"Even if Plaintiff should not have honored the guaranty agreement, Defendants cannot raise this defense. This agreement was between the bank and the SBA and created no right in the Defendants [primary debtors]. As recognized in *United States v. Fay T. Garner, et al.*, Civil No. 67–C–48 (D.Colo.1968), 'The Participation Agreement . . . was clearly an agreement between the (Weld County) Bank and the Small Business Administration for their mutual benefit and created no legal rights or duties in the Defendants. The Defendants are not parties to the Agreement, nor are they third-party beneficiaries of the Agreement.' "

In the instant case, the action is based on an agreement by Defendants to guarantee to a bank the payment of loans made by the bank to a debtor. Said agreement has been assigned to the SBA. Said agreement which is the basis of the action is wholly independent from the agreement between the bank and the SBA. The prefix "co-" is defined in *Black's Law Dictionary, 4th Ed.* as follows:

"A prefix meaning with, in conjunction, joint, jointly, unitedly, and not separately."

Although the Plaintiff herein and the Defendants herein might both be guarantors on the notes and obligations involved herein, the guaranties arise from separate agreements and are not joint. It follows that the Plaintiff and Defendants are not "co-guarantors" in relation to the instant action. The Plaintiff's position as to the guaranty agreement sued upon is that of assignee from the bank, and not as a guarantor.

The Court finds that two of the claimed new issues alleged to have been inserted in the case by the Amended Answer filed herein on July 30, 1975 are not in fact new issues in the case and the third alleged new issue is not a viable issue which will be entertained in the case. Therefore the Demand for Trial by Jury filed on August 8, 1975 is untimely as not being filed within ten (10) days after the viable issues in the case were joined.

The case was placed on the non-jury docket of this Court following said Pre-trial Conference. The Court finds that the Ob-

jection to Defendants' Demand for a Trial by Jury should be sustained and the case should remain on the non-jury docket.