**Harriett DAVIS, Plaintiff,**

v.

**Robert Howard ELKINS et al., Defendants.**

**William O. DAVIS, Plaintiff,**

v.

**Robert Howard ELKINS et al., Defendants.**

Nos. CIV–4–75–22, CIV–4–75–23.

United States District Court, E. D. Tennessee, Winchester Division.

Dec. 10, 1975.

Glyndon C. Pruitt, Buford, Ga., Alf R. O'Rear, Chattanooga, Tenn., for plaintiff.

R. E. Bonner, Jr., McMinnville, Tenn., for defendants.

## ORDER

NEESE, District Judge.

The respective plaintiffs moved on November 26, 1975, after a pretrial conference herein, and after the defendants answered, to be permitted to amend their respective complaints herein so as to demand a jury trial. Amendments to the complaints are inappropriate to accomplish the desired purpose at this stage of the respective pleadings. " * * * Any party may demand a trial by jury * * * by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party." Rule 38(b), Federal Rules of Civil Procedure. The " * * * last pleading directed * * * " to the issues extant among the parties herein was on May 21, 1975, more than 10 days after the service of it. " * * * The failure of a party to serve a demand as required by this rule and file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. * * * " Rule 38(d), Federal Rules of Civil Procedure; *United States v. Moore* (1951), 340 U.S. 616, 621, 71 S.Ct. 524, 527[3], 95 L.Ed. 582, 586, rehearing denied (1951), 341 U.S. 923, 71 S.Ct. 740, 95 L.Ed. 1356. But, " * * * notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Rule 39(b), Federal Rules of Civil Procedure.

As this Court has earlier observed:

\* \* \* \* \* \*

" * * * It is obvious that the [party] might have made a demand to a jury of right herein.

" * * * The right to a jury in a federal court as declared by the Seventh Amendment [to the federal Constitution] is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. * * * "

*Hensley v. Ellenburg,* D.C.Tenn. (1972), 57 F.R.D. 212, 213. This Court discerns no such compelling reasons herein and, in its discretion, hereby grants the application.

Accordingly, VIII of the pretrial order of December 3, 1975 herein hereby is amended and supplemented by adding in lieu of the present language:

VIII. *SPECIAL REQUESTS TO INSTRUCT:* Counsel will submit to the Court through the clerk special requests for instructions to the jury no more than 20 days before the time scheduled herein for commencement of trial, citing with each such request a minimum of one supporting authority. Supplemental requests may be made at the conclusion of the Court's charge.

XI(a) hereby is amended, by substituting the word, with, for the word, without, and by substituting the figures 9:00, for the figures, 10:00, in the second line thereof.