**Oliver W. FOLMAR, Plaintiff,**

v.

**AMERICAN HEALTH AND LIFE INSURANCE COMPANY, Defendant.**

**Oliver W. FOLMAR, Plaintiff,**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, Defendant.**

Civ. Nos. 2–80–71, 2–80–72.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 2, 1981.

On Motion To Enlarge Period for Completion of Discovery April 3, 1981.

On Motion To Shorten Time of Response June 18, 1981.

conclusion that no such factual issue exists. *Begnaud v. White*, C.A. 6th (1948), 170 F.(2d) 323, 327[7].

Max E. Wilson, William L. Guy, Mountain City, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., for plaintiff.

James H. Epps, III, Johnson City, Tenn., and Hugh B. Bright, Jr., Knoxville, Tenn., for defendants.

NEESE, District Judge.

## MEMORANDUM OPINION AND ORDER

■ Because these actions were removed from the state court in which they were commenced, any demand for a trial by jury is governed, not by Rule 38, Federal Rules of Civil Procedure, but by Rule 81(c), Federal Rules of Civil Procedure. *Higgins v. Boeing Co.*, C.A.2d (1975), 526 F.2d 1004, 1006[3]. Under such latter Rule, the plaintiff " * * * was required to file a demand for jury trial within ten days after the petition for removal was filed because under state law a demand was required [1] and

1. "Any party may demand a trial by jury of any issue triable of right by jury by demanding the same in any pleading specified in Rule 7.01 or by endorsing the demand upon such pleading

had not been made prior to removal. * * " *Duncan v. First Nat. Bank of Cartersville, Ga.*, C.A. 5th (1979), 597 F.2d 51, 56[3]. The failure of the plaintiff to make such a timely demand " * * * constitute[d] a waiver by him of trial by jury." Rule 81(c), *supra*.

Relying on Rule 39(b), Federal Rules of Civil Procedure, the plaintiff moved the Court to permit him, in its discretion, a trial by jury. Rule 39(b), *supra*, however, appears to be inapplicable in removed cases; for, it refers to issues not demanded for trial by jury " * * * as provided in Rule 38 * * * " which latter rule has no relevancy to removed actions. *See Higgins v. Boeing Co., supra*. Nevertheless, the Court is convinced that it does have discretion to permit a jury trial.

■ Under Tennessee law, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court upon motion may order in its discretion a trial by jury of any or all issues. Rule 39.02, Tennessee Rules of Civil Procedure. " * * * [T]his discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b). * * * " *Higgins v. Boeing Co., supra*, 526 F.2d at 1007[4].[2] " * * * Where Rules 38(b) and 81(c) have not been complied with, the District Court, in its exercise of its discretion, may, of course, relieve against the waiver. * * * " 5

Moore's Federal Practice (2d ed.) 327, ¶ 38.39 [3]; *accord Bush v. Allstate Insurance Company*, C.A. 5th (1970), 425 F.2d 393, 396 [4], certiorari denied (1970), 400 U.S. 833, 91 S.Ct. 64, 27 L.Ed.2d 64.

■ The Court is convinced further that the plaintiff in each of these actions might have made a demand to a jury of right; an action to recover under a policy of insurance is legal in nature and therefore triable to a jury as a matter of right. *Baylis v. Traveler's Ins. Co.* (1885), 113 U.S. 316, 5 S.Ct. 494, 28 L.Ed. 989, 990–991; *see Ross v. Bernhard* (1970), 396 U.S. 531, 542, 90 S.Ct. 733, 740, 24 L.Ed.2d 729, 738 [16] (breach of contract actions are triable to a jury as a matter of right). Not being convinced that strong and compelling reasons exist for denying the request for a jury trial,[3] in each action, the motion of the plaintiff therefor hereby is GRANTED, and it is hereby ORDERED that the trial of all issues herein triable by a jury be so tried.[4] *Hensley v. Ellenburg*, D.C.Tenn. (1972), 57 F.R.D. 212, 213 [1, 2].

On Motion To Enlarge Period for Completion of Discovery

MEMORANDUM

This action, which has been consolidated for trial on June 29, 1981 with a companion action, was removed to this Court on April 24, 1980. The parties had 265 days in which

---

when it is filed, or by written demand filed with the clerk, with notice to all parties, within 15 days after the service of the last pleading raising an issue of fact." Rule 38.02, Tennessee Rules of Civil Procedure.

"The failure of a party to make demand as required by this rule constitutes a waiver by him of trial by jury. * * * " Rule 38.05, Tennessee Rules of Civil Procedure.

2. " * * * The framers of Rule 81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation here where state law permits discretionary relief [from the failure of a party to make a timely demand for a jury trial]. * * * " *Idem*.

3. Neither defendant has shown that any prejudice would result to it by allowing a jury trial.

These actions are assigned for trial some 5 months hence.

4. Of course, the interpretation and construction of the contracts of insurance are matters of law to be determined by the Court, not the jury. *Industrial Equipment Co. v. Emerson Elec. Co.*, C.A. 6th (1977), 554 F.2d 276, 284 [1]. Therefore, if, as is contended by the defendants, it turns out that the facts are not in dispute and the cases involve solely a matter of construing the policies, the cases will not be submitted to the jury but will be decided by the Court as a matter of law under Rule 50(a), Federal Rules of Civil Procedure. " * * * Rule 50 is one of the devices of judicial control provided so that the court may enforce rules of law. It allows the court to take away from the consideration of the jury cases in which the facts are sufficiently clear that the law requires a particular result. * * * " 9 Wright & Miller, Federal Practice and Procedure: Civil 537, § 2521.

to conduct discovery before the pretrial conference of January 14, 1981 herein.

At that conference (coupled with a discovery conference), 63 additional days were allowed for the completion of discovery. At the request and agreement of counsel on March 18, 1981, such period was enlarged for 27 additional days, an aggregate of 355 days in which to conduct and complete discovery.

Counsel now move the Court to again enlarge the period for completion of discovery for an additional 26 days. It is represented to the Court that there have been " * * * scheduling difficulties among the several attorneys involved * * *." There is no representation at all as to the diligence adversary counsel have exhibited in the 355 days already allowed in which to complete discovery.

The Court notices that the plaintiff herein has 3 attorneys-of-record and the defendant one. The actual reasons for the difficulty in scheduling respective times for discovery are not given.

This Court has insisted from the outset that anyone commencing an action in this Court accord it due and diligent attention from-beginning-to-end, and that anyone compelled to defend in this Court do likewise. To this end, a pretrial conference (coupled with a discovery conference) is assigned at the earliest moment it can be reached by a judicial officer of the Court, in the light of his other work. Regardless of the trial-date assigned, the Court fixes thereat the maximum period for the completion of discovery, remembering that discovery procedures had been available to counsel since the reaching of this Court by the action pending.

Counsel are expected to utilize the period effectively and diligently. Having established a cut-off time, if counsel demonstrate to the Court the diligent use of it without their being able to finally complete the process, the Court is liberally lenient in allowing "a few more days" for its comple-

tion. Thus, in the Northeastern and Winchester divisions of this District Court, but few untoward delays in the final disposition of actions assigned for trial have been experienced; and, in civil actions, this reduces the expense to the litigants who must pay it.

When good lawyers have been through the process of a thorough pretrial (and discovery) conference, and when they have discovered all the evidence, pro and con, they will settle the issues between or among themselves *sans* any pressure so to do from the Bench. Even in absence of a settlement, a better trial usually ensues. All these good results are dependent for their efficacy on early pretrial conferences and the completion of all discovery. *Cf. Seneca Nursing Home v. Secretary, Etc.,* C.A. 10th (1979), 604 F.2d 1309, 1314 [4].

■ Subject to reconsideration in the event adverse counsel are able to show past, diligent use of the long period of discovery available to them herein, the Court DECLINES to enter the proposed order.

On Motion To Shorten Time of Response
ORDER

Some 19 days prior to the date scheduled for the commencement of trial, and nearly 2 months after the date by which the Court ordered all discovery herein to be completed,* the plaintiff served on the defendant a written request for the admission of certain matters. Rule 36(a), Federal Rules of Civil Procedure. Contemporaneous with the serving thereof, the plaintiff moved the Court to shorten to 10 days the time within which the defendant is required to respond to such requests. *Idem.*

The motion of the plaintiff hereby is

■ DENIED. The attempt by the plaintiff to continue the discovery-process on the eve of trial is directly contrary to this Court's order, that all discovery herein was to be completed by midnight, April 14,

---

* The Court did allow the discovery of the plaintiff after the period for discovery had been closed. Order herein of April 13, 1981.

1981. The defendant is under no obligation to respond to such untimely request.** One of the reasons the Court establishes, at the pretrial conference, a maximum period for the completion of discovery is to avoid unfortunate situations such as this.

---

** Both the defendant and the plaintiff, however, are required to stipulate pretrial " * * * all undisputed facts. * * * " Local Rule 14.