**Connie JUDGE, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

**No. Civ–4–81–64.**

United States District Court, E. D. Tennessee, Winchester Division.

Dec. 18, 1981.

---

Joe S. Bean, Winchester, Tenn., for plaintiff.

George Lane Foster, Chattanooga, Tenn., for defendant.

## 374

MEMORANDUM OPINION AND STAY

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity, 28 U.S.C. §§ 1332(a)(1), (c), action. It was removed timely and regularly from a Chancery Court of Tennessee on September 17, 1981 and came to issue on September 19, 1981 with the service by the defendant in this Court of an answer as the last pleading relating to the issues for trial.

The practice in Tennessee applicable in its chancery courts when this action was removed, Rule 1, Tennessee Rules of Civil Procedure, required the parties to make express demands in order to claim their right to trial by jury, Rule 38.02, Tennessee Rules of Civil Procedure. Cf. Rule 81(c), Federal Rules of Civil Procedure. The plaintiff served a motion on November 28, 1981 for leave of this Court to amend her complaint of August 25, 1981, Rule 15(a), Federal Rules of Civil Procedure, so as to make demand for a trial by jury of all issues herein. Rules 38(a), (b), Federal Rules of Civil Procedure; cf. also Rule 81(c), supra.

The granting of such leave would be unauthorized. To allow the plaintiff to amend her pleading under Rule 15(a), supra, so as to include her demand for a trial by jury, where it would be impossible to do so under the specific mandate of Rules 38(a), (b), supra, would be to allow her " * * * to do indirectly what the Rules forbid [her] to do directly. * * *" Todd v. Lutz, D.C.Pa. (1974), 64 F.R.D. 150, 152[4].

■ From the foregoing, it is seen readily that the demand for a trial by jury herein was not made " * * * no later than 10 days after the service of the last pleading directed to * * *" the issues for trial. Rules 38(a), (b), supra.*

The failure of the plaintiff to make a timely demand for a jury " * * * consti-

tutes a waiver by [her] of a trial by jury. * * * *" Rule 38(d), Federal Rules of Civil Procedure; Engbrock v. Federal Insurance Company, C.A. 5th (1967), 370 F.2d 784, 787–788[9].

■ However, " * * * Notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the Court in its discretion [emphasis supplied] upon motion may order a trial by jury of any and all issues." Rule 39(b), Federal Rules of Civil Procedure. An untimely demand under Rule 38, supra, has the effect of a motion under Rule 39(b), supra. Swofford v. B & W, Incorporated, C.A. 5th (1964), 336 F.2d 406, 409[4], certiorari denied (1965), 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557; cf. Jackson v. Airways Parking Company, D.C.Ga. (1969), 297 F.Supp. 1366, 1384[27]; contra: Container Company v. Carpenter Container Corp., D.C.Del. (1949), 9 F.R.D. 89, 93[5].

■ The problem is the proper exercise of the Court's discretion in the premises. "Judicial discretion" does not imply that a trial judge may do or not do whatever he or she may please personally under the circumstances, Osborn, et al. v. The Bank of the United States (1824), 22 U.S. (9 Wheat.) 738, 866, 6 L.Ed. 204, 234; the grant of power to a judge under the Rules " * * * means that the recipient must exercise his authority according to his own understanding and experience * * *," United States v. Shaugnessy (1954), 347 U.S. 260, 267, 74 S.Ct. 499, 503, 98 L.Ed. 681, 686 (headnote 6), guided by the substantive principles of the law which have been established for the protection of litigants, Cohen v. Young, C.C.A. 6th (1942), 127 F.2d 721, 726[10].

■ In exercising the discretion conferred upon the Court by Rule 39(b), supra, it is well to consider:

---

* As all necessary pleadings had not been served prior to the removal herein, only Rule 38, supra, and not Rule 81(c), supra, has application. McRae v. Arabian American Oil Company, D.C. N.Y. (1964), 34 F.R.D. 513, 514[1]. (Folmar v. American Health and Life Ins. Co., D.C.Tenn. (1981), 91 F.R.D. 22, 24, should be understood to hold that, where applicable, Rule 81(c), su-

pra, prevails over Rule 38, supra; and that Rule 38, supra, " * * * has no relevancy to removed actions * * *" where Rule 81(c), supra, is applicable.)

(To any extent that Folmar, supra, may be in conflict herewith, this Court recedes from its holding in Folmar.)

(1) that the purpose of all the Rules is to secure the just, speedy and inexpensive determination of every action, Rule 1, Federal Rules of Civil Procedure;

(2) that our basic law contemplates that litigants, demanding a trial by jury in nonequitable civil actions, should be accorded by right a trial by jury, Constitution, Seventh Amendment;

(3) that Rules 38(a), (b), *supra*, require that demands for trial by jury as of right must be made in a timely and proper manner, *Dairy Queen, Inc. v. Wood* (1962), 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44, 48;

(4) that every reasonable presumption against the waiver of the fundamental right to trial by jury is to be indulged, *Aetna Insurance Company v. Kennedy* (1937), 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177, 1180 (headnote 4);

(5) that discretion to allow a trial by jury should not be withheld merely because an opposing party claims it has "come too late", *Hensley v. Ellenburg*, D.C.Tenn. (1972), 57 F.R.D. 212, 213[2];

(6) that Rules 38(a), (b), *supra*, will lose their viability unless the discretionary allowance of a trial by jury is made to depend upon exceptional circumstances beyond mere inadvertence in making the demand, *General Tire & Rubber Company v. Watkins*, C.A. 4th (1964), 331 F.2d 192, 197[7], certiorari denied (1964), 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498; *contra: Swofford v. B & W, Incorporated, supra*, 336 F.2d at 409[4], (" * * * when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary * * * "), overruling *Roth v. Hyer*, C.C.A. 5th (1944), 142 F.2d 227, certiorari denied (1944), 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573;

(7) that trial by jury should not be withheld discretionarily as a "penalty" for failing to make a timely and proper demand, *State of Mississippi v. Hurst*, D.C.Miss. (1966), 41 F.R.D. 186, 187[3]; *contra: Ligouri v. New York, New Haven and Hart-*ford R. Co., D.C.Conn. (1961), 26 F.R.D. 565 ("this Court consistently has refused to grant a motion for a jury trial under Rule 39(b) after a jury trial had been waived");

(8) that each application under Rule 39(b), *supra*, ought to be approached with an open mind and an eye to the factual situation in that particular case without preconceived notions one way or another, 9 Wright & Miller, Federal Practice and Procedure 116: Civil § 2334;

(9) that the fact that courts are busy and nonjury trials require less time for trial than jury-trials are not proper considerations, *contra: Wilson v. Corning Glass Works*, C.A. 9th (1952), 195 F.2d 825, 826–827[1] (more litigation than judge-power); *contra: Washington County Insurance Company v. Wilkinson*, D.C.Md. (1956), 19 F.R.D. 177, 178–179[3] ("a non-jury trial can fairly and properly be conducted in substantially less time"), cited in (also *contra :*) *Segal v. American Casualty Company of Reading, Pa.*, D.C.Md. (1966), 250 F.Supp. 936, 940[9] (docket overcrowded); and

(10) that the closer the demand comes to trial the more restrictive should be the Court's exercise affirmatively of its discretion in allowing a trial by jury, *Lynch v. Consolidated Rail Corp.*, D.C.N.Y. (1977), 76 F.R.D. 147, 148[2] (where demand was made on the eve of the trial), citing *Noonan v. Cunard Steamship Co.*, C.A.2d (1967), 375 F.2d 69, 70, and *Galella v. Onassis*, C.A.2d (1973), 487 F.2d 986, 996–997.

The factual situation in this particular action is that the plaintiff commenced it in a chancery court of Tennessee; that it was removed by the defendant to this Court; that the plaintiff waived her right to a trial by jury by not timely demanding it; and that she made such a demand belatedly by seeking the permission of the Court to amend her complaint in the state court so as to articulate her demand. She submitted a motion for such leave, a proposed amendment, and a proposed order to grant her first such motion.

She cited no authority in any of these documents. She failed to submit with her

written motion "a brief with authorities", local Rule 12(a), which failure may be deemed a waiver of her motion, local Rule 11(f), unless this Court, "in the interest of justice" waived local Rule 11(f), *supra.* Local Rules, appendix, § 5(a).

The only inference this Court is able to glean from these facts is that, when her action was to be tried before a chancellor of the state of Tennessee, she was content to have a trial to that Court without a jury, but, now that it has been removed to this federal Court, she desires to have a jury decide the issues. This Court has no quarrel with the plaintiff's preference for a jury trial in this Court; but, she had 10 days after September 19, 1981, under Rule 38(a), *supra,* to express that preference. She asserts absolutely no factual support of her reason(s) for her waiver of that right, *see* local Rule 12(a), *supra,* ("where allegations of fact are relied upon, affidavits in support thereof" are to be submitted with all written motions).

For this Court now to exercise its discretion to allow the plaintiff a trial by jury would amount to such exercise in an arbitrary and capricious manner. Such " * * * discretion is not to be exercised as an arbitrary or capricious prerogative * * * " of the Court. *Todd v. Lutz, supra,* 64 F.R.D. at 152[2].

However, as the plaintiff has manifested her desire to have a jury trial herein, *Sofarelli Bros. v. Elgin,* C.C.A. 4th (1942), 129 F.2d 785, 786–787 (where the manifestations were contained in a letter to the clerk of Court and a word included in a statement of counsel in chambers), the Court will STAY for a reasonable time the entry of an order, denying the plaintiff's application, so she may better enlighten the Court of the circumstances relating to her waiver of a trial by jury.