JABCO, INC., **Plaintiff,**

v.

**BOB SMITH CONSTRUCTION, et al., Defendants.**

**No. CIV-2-81-207.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

Dec. 29, 1981.

On Motion for Summary Judgment
Feb. 17, 1982.

On Motion for Trial by Jury
July 30, 1982.

Eric D. Christiansen, Greeneville, Tenn., for plaintiff.

N.R. Coleman, Jr. and Thomas L. Kilday, Greeneville, Tenn., James E. Brading, Johnson City, Tenn., and Steven C. Rose, Kingsport, Tenn., for defendants.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

No timely written objection to the recommendation herein of a magistrate of this district, that the motion of the defendant the Town of Greeneville, Tennessee for a dismissal of this action for the failure of the plaintiff to state a claim against it upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, having been served and filed, such recommendation hereby is

ACCEPTED. 28 U.S.C. § 636(b)(1). The motion of the defendant the Town of Greeneville, Tennessee for such dismissal on that ground hereby is

DENIED.

The undersigned has considered *de novo* those portions of the recommendation of the same magistrate, that the motion of the defendant Boyd, Arthur & Gass, Architects, for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, be granted. 28 U.S.C. § 636(b)(1). While it is true, as a general rule, that negligence actions are rarely susceptible to disposition on summary judgment procedure, *McTavish v. Chesapeake and Ohio Railroad Co.,* C.A. 6th (1973), 485 F.2d 510, 513[4], the magistrate correctly determined that the moving defendant is entitled to a summary judgment. *See McBride v. Proctor & Gamble Manufacturing Company,* D.C.Tenn. (1969), 300 F.Supp. 1150, 1152–1153[7].

The plaintiff failed to meet its burden of coming forward with evidentiary materials, demonstrating the existence of a genuine issue of material fact between it and the movant. *See* Rule 56(e), Federal Rules of

Civil Procedure. The plaintiff failed to cite a single authority in support of its claimed right to recover herein from the defendant-architects.

In a diversity action, such as this one, the plaintiff must point to state law which appears to support its position; merely arguing that the conduct of the defendant was unjust will not suffice. *Crownover v. Sears, Roebuck & Co.*, C.A. 6th (1979), 594 F.2d 565, 566. " * * * Liability cannot be based on an opinion of a litigant. * * * " *Becker v. Celebration, Inc.*, C.A. 6th (1976), 541 F.2d 156, 158[3].

The recommendation of the magistrate hereby is

ACCEPTED. 28 U.S.C. § 636(b)(1). The motion of the defendant Boyd, Arthur & Gass, Architects, for a summary judgment hereby is

GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Judgment will enter, that the plaintiff take nothing from that defendant.

On Motions For Summary Judgment

A magistrate of this district recommended herein, (1) that the motion of the plaintiff for a summary judgment be denied; (2) that the cross-motion of the defendant the Town of Greeneville for a summary judgment be granted as to the claim herein of the plaintiff based upon such defendant's vicarious liability; and (3) that such latter motion be denied as to the claim of the plaintiff based upon such defendant's failure to insure properly the construction project implicated. 28 U.S.C. § 636(b)(1). Having considered *de novo* those portions of the foregoing recommendation to which a timely written objection was served and filed, the undersigned judge hereby

■ ACCEPTS each such recommendation. 28 U.S.C. § 636(b)(1).

" * * * Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the [movant] is entitled to judgment as a matter of law. * * * " *Atlas Concrete Pipe, Inc. v. Au & Son, Inc.*, C.A. 6th (1982), 668 F.2d 905, 908 (6th Cir.1982). Whether the plaintiff, as a third-party beneficiary of the contract for the construction of the said project, can recover for the failure of the defendant-municipality to purchase and maintain "all-risk" insurance in accordance with article 11.3.1 of such contract, turns upon exactly the type of such insurance the contracting parties contemplated when they included that provision in their contract. Thus, the dispute herein raises the factual issue of the intent at the pertinent times of those parties.

■ " * * * Such a genuine dispute over a material fact requires a full trial rather than a decision based on summary judgment. * * * " *Ibid.*, 668 F.2d at 910. The undersigned agrees with the reporting magistrate that the Town of Greeneville cannot be held liable vicariously under the doctrine of *respondeat superior* for any negligence on the part of its independent-contractor. *Kuhne v. United States*, D.C.Tenn. (1967), 267 F.Supp. 649, 658[10]; *Jolly Motor Livery Corporation v. Allenberg* (1949), 188 Tenn. 452, 221 S.W.2d 513, 515[3, 4]; *see Mooney v. Stainless, Inc.*, C.A. 6th (1964), 338 F.2d 127, 131[4], [5, 6], certiorari denied (1965), 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684.

The motion of the plaintiff for a summary judgment hereby is DENIED. Rule 56(c), Federal Rules of Civil Procedure. The motion of the defendant the Town of Greeneville for a summary judgment hereby is GRANTED, but only as to the claim of the plaintiff herein that such defendant is liable to it vicariously, under the doctrine of *respondeat superior;* otherwise, such latter motion hereby is DENIED.

On Motion For Trial By Jury

I

No timely written objection to the recommendation of a magistrate herein of July 12, 1982 having been served and filed, such recommendation hereby is

ACCEPTED. 28 U.S.C. § 636(b)(1). " * * * To be entitled to summary judgment, the party seeking it must show conclusively that there exists no genuine issue as to any material fact, and that under the

undisputed record [it] is entitled to judgment as a matter of law. * * * " *Mayes v. Gordon,* D.C.Tenn. (1980), 536 F.Supp. 2, 7[10] (citations omitted). The Town of Greeneville has not met this burden and, accordingly, its motion for a summary judgment hereby is

DENIED.

## II

The defendants, having waived any right they might have had to a trial by jury, by failing to make such a demand timely, moved the Court to exercise its discretion so as to allow them a trial by jury. Rule 39(b), Federal Rules of Civil Procedure. The only reason offered by the movants as to why the Court should so exercise its discretion is " * * * that there is no strong or compelling reason why the Court should not exercise its discretion in favor of granting the jury trial requested by the defendants." That is not a sufficient reason.

Only recently this Court discussed the matters for consideration when it is asked to exercise the discretion conferred upon it by Rule 39(b), *supra. See Judge v. Continental Cas. Co.,* D.C.Tenn. (1981), 93 F.R.D. 372, 374–375. Similar to the situation in that case, the record herein is not sufficient to permit the Court to exercise its discretion in favor of a jury-trial; any such exercise now " * * * would amount to such exercise in an arbitrary and capricious manner. * * * " *Ibid.,* 93 F.R.D. at 376[8]. Nevertheless, the Court will delay entering an order, denying the application of the defendants, for a period of 15 days so they may delineate for the Court the circumstances relating to their waiver of trial-by-jury.