Robert S. BLOCK, Plaintiff,

v.

Marvin L. FISHMAN, Defendant.

No. 85–C–0186.

United States District Court,
E.D. Wisconsin.

June 13, 1985.

Paula Minniear, Milwaukee, Wis., for plaintiff.

John A. Busch, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action was initiated on February 6, 1985, when the plaintiff, an adult resident of the State of California, filed his complaint against the defendant, an adult resident of the State of Wisconsin, seeking compensatory damages in the amount of $32,600.00 and punitive damages in the amount of $1,000,000.00, in addition to those costs and disbursements incurred in the prosecution of this matter. The central, factual averment of the complaint is that the plaintiff, as an officer, director, and principal shareholder of a corporation now known as SelecTV of Wisconsin, Inc., caused that corporation to issue and deliver to the defendant a promissory note in the principal sum of $15,000.00, acting under the mistaken belief that certain loans and advances in that amount from the corporation had not been duly evidenced by some written obligation. In fact, according to the charges of the complaint, the corporation had previously issued and delivered to the defendant a promissory note, evidencing its indebtedness in the amount of some $15,272.06.

Upon his subsequent sale of all interest in the corporation, the plaintiff apparently warranted and represented to the purchasers the total amount of corporate indebtedness and, in this undertaking, agreed to indemnify them against any loss they might suffer in reliance upon his representations. Thereafter, the defendant, allegedly with full knowledge that both the initial and subsequent promissory notes had been issued to evidence the same indebtedness, presented those notes to the corporation for payment of some $30,272.06 in principal and $35,569.00 in interest. Significantly, the plaintiff charges that "as a result of the presentation for payment by Defendant of both the First Note and Second Note, the Defendant collected from the corporation twice the amount actually due and owing to him." Plaintiff's *Complaint* at 4 (February 6, 1985).

In turn, the plaintiff purportedly indemnified the corporation in the total amount of the second note, all as a result of which the defendant was unjustly enriched in the amount of $32,600,00, or so the plaintiff claims. The complaint further charges that, despite the plaintiff's demands for reimbursement, the defendant has refused and neglected to pay the amount he received pursuant to the supplemental promissory note. Among other things, the plaintiff alleges that, as subrogee and assignee of the corporation's claims for reimbursement, he has been harmed directly by

the defendant's fraud and false representations upon presentment of the second note.

On March 22, 1985, the defendant filed his answer to the plaintiff's complaint, denying all material allegations incorporated therein and alleging affirmatively that the action "in whole or part is frivolous." Defendant's *Answer* at 3 (March 22, 1985). Accordingly, the defendant seeks judgment against the plaintiff dismissing the complaint, together with his costs and attorney's fees incurred in the defense of this matter.

Nearly eight weeks later, on May 13, 1985, the plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, filed a notice of demand for a jury trial. Three days later, on May 16, 1985, the defendant filed the present motion to strike as untimely the plaintiff's jury demand, pursuant to Rules 12 and 38 of the Federal Rules of Civil Procedure. Although the plaintiff has been afforded the requisite fourteen-day period in which to file any responsive memorandum, pursuant to Local Rule 6.01, he has failed to date to notice any opposition to the defendant's pending motion. Accordingly, the Court today resolves this matter based solely on the record compiled to date and its own understanding and application of the relevant law to the circumstances of this lawsuit.

■ As both parties to this action surely recognize, Rule 38(b) plainly establishes the right of any party to "demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue...." Significantly, a party's failure to serve a timely jury demand constitutes a waiver of trial by jury under Rule 38(d) of the Federal Rules of Civil Procedure. The preclusive effect of this provision is well-recognized by the federal courts. *See Scharnhorst v. Independent School District # 710*, 686 F.2d 637, 641 (8th Cir.1982), *cert. denied*, 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983) (holding that a failure to make

a timely demand through inadvertence, although unintended and regardless of the explanation or excuse, amounts to waiver); *Vesper Construction Company v. Rain for Rent, Inc.*, 602 F.2d 238, 241 (10th Cir.1979) (concluding that the defendant's "failure to file a timely jury demand pursuant to [Rule] 38(b) constituted a waiver of its right to jury trial").

The record in the present case demonstrates clearly that the last pleading for purposes of computation under Rule 38(b) —that is, the defendant's answer—was filed on March 21, 1985; thus, in order to effect a timely demand for trial by jury, the plaintiff had to have filed his notice no later than early April of 1985, ten days after service of the defendant's answer. His failure to do so until May 13, 1985, plainly constitutes a waiver under Rule 38(d) and might properly justify an order to strike.

■ At the same time, Rule 39(b) of the Federal Rules of Civil Procedure empowers the trial judge to exercise his or her discretion by ordering a trial by jury on all issues "notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right." It is generally held that, in the exercise of this discretion, the district court is obliged not to act arbitrarily or capriciously. *Todd v. Lutz*, 64 F.R.D. 150, 152 (W.D.Pa.1974); *Krussman v. Omaha Woodmen Life Insurance Society*, 2 F.R.D. 3, 4 (D.Idaho 1941). Instead, the decision to grant a jury trial is appropriate in the absence of some strong or compelling reason to the contrary. *Cascone v. Ortho Pharmaceutical Corporation*, 94 F.R.D. 333, 339 (S.D.N.Y. 1982), *aff'd*, 702 F.2d 389 (2d Cir.1983); *Davis v. Elkins*, 69 F.R.D. 705, 706 (E.D. Tenn.1975).

■ Despite this liberality in favor of granting requests for jury trials, all relevant authority is clear that the burden of proving the propriety of a discretionary exercise in favor of granting a jury trial rests entirely with the demanding party. *Jabco, Inc. v. Bob Smith Construction,*

556 F.Supp. 27, 29 (E.D.Tenn.1981); *Previn v. Barell*, 14 F.R.D. 466, 468 (E.D.N.Y. 1953). In fact, where a timely demand for a jury trial has not been interposed, the Court may not order a trial by jury on its own initiative but must, instead, await a proper motion setting forth the specific grounds upon which the moving party's filing failure might reasonably be excused. *United States v. Perkins*, 71 F.R.D. 22, 23 (E.Okla.1975); *Container Company v. Carpenter Container Corporation*, 9 F.R.D. 89, 93 (D.Del.1949), *supplemental opinion*, 9 F.R.D. 261, 262 (D.Del.1949).

Applying these general standards to the circumstances of the present case, the Court concludes that the defendant's motion to strike the untimely jury demand must be granted. As indicated above, the record is clear that the demand was filed in an untimely fashion and, as such, does not entitle the plaintiff to the sort of trial he now seeks. While the Court might have reacted more charitably to the plaintiff's untimely notice had he contemperaneously filed an appropriate motion under Rule 39(b), his failure to do so prevents the Court from recognizing any validity to his demand. Moreover, the plaintiff was effectively afforded a second opportunity in which to argue his procedural case to the Court in the context of the defendant's present motion to strike; his complete failure to respond to this petition, perhaps by providing some basis upon which the Court might reasonably exercise its discretion in overlooking his previous oversight or inadvertence, necessitates that the defendant now be granted the relief he seeks. In the Court's view, the plaintiff's wholesale failure to provide any justification whatsoever for his untimely notice or any basis upon which his apparent delay might reasonably be excused precludes this party from securing a trial by jury.

Accordingly, for the reasons stated above, the Court hereby GRANTS the defendant's motion to strike the plaintiff's jury demand. The pretrial conference in this matter, previously set for *9:00 a.m., on Friday, September 27, 1985*, remains on the Court's calendar as scheduled. As before, the parties are instructed to appear at that hearing fully prepared to discuss their respective clients' positions on settlement.